**PARKS v. EMORY et al.**

**No. 844.**

Municipal Court of Appeals for the
District of Columbia.

Argued Aug. 26, 1949.

Decided Oct. 7, 1949.

Rehearing Denied Oct. 25, 1949.

Philip W. Thomas, Washington, D. C.,
for appellant.

Bettie Renner, Washington, D. C., for
appellee Oliver Brown.

No appearance for appellee Clarence
Emory.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant Parks brought suit for posses-
sion of an apartment which he had previ-
ously leased to appellee Emory as a tenant
by the month. The action was brought
originally against Emory alone but by
amendment appellee Brown was joined as
a defendant. Possession was sought on the
ground that Emory had violated his ten-
ancy by subletting the premises to Brown.
Emory's lease contained a provision that
he would not "sublet or assign" the leased
premises without written consent of the
landlord and no such consent was ever ob-
tained.

The undisputed facts are that Emory, desiring to move from the District, advertised his apartment for rent, that Brown called on Emory and purchased Emory's furniture for $700, and Emory moved out and Brown moved in. It is also undisputed that Brown moved in the apartment without the consent of Parks and that Parks refused to accept rent from Brown.

 The main dispute of fact relates to Brown's claim that he moved into the apartment by authority of the minister of the local Church which is the owner of the apartment building. Title to the building is in the Church's board of trustees and Parks by appointment of the board is managing agent of the building. The minister is not a member of the board of trustees. The minister denied giving Brown authority to occupy the apartment. He testified that he told Brown to see Parks about the matter. We think it is immaterial what the minister told Brown as there is nothing in the record to show authority in the minister to bind the Church or its managing agent with respect to any matter concerning the apartment building.

The trial court apparently ruled that the minister lacked power to authorize occupancy of the apartment by Brown, but the court found in favor of defendants on the ground that plaintiff had failed to establish a subletting of the apartment by Emory to Brown. We think the trial court correctly ruled that a subletting was not proved, because there is no evidence that Emory attempted to retain any reversionary interest in the premises or to constitute himself Brown's landlord.

However, we do think the evidence established a violation of the covenant against assignment. While Emory did not sublet and expressly stated to Brown that he had no authority to sublet, nevertheless Emory sold his furniture to Brown and permitted Brown to immediately take possession when he, Emory, vacated. Emory did not terminate his tenancy by a thirty-day notice, did not surrender possession to his landlord, and did not abandon the premises. In substance he transferred to Brown his entire interest in the premises, retaining no reversionary interest. He at-

tempted to substitute Brown as tenant in his place. This constituted a violation of the covenant against assigning. 51 C.J.S., Landlord and Tenant, § 37; 32 Am.Jur., Landlord and Tenant, § 314.

It is true that the complaint alleged a subletting and plaintiff's counsel contended that a subletting was established, but proceedings in landlord and tenant actions are informal and when the evidence disclosed not a subletting but an assignment plaintiff was entitled to the relief which his evidence supported. Proof of either a subletting or an assignment established a violation of an obligation of the tenancy and entitled plaintiff to a judgment for possession.

Reversed with instructions to enter judgment for plaintiff.